IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JUSTIN SATURDAY, and ) <br> JULIE SATURDAY, individually and on ) <br> Behalf of others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> COLLECTRON, INC., AUDITMED, INC., ) <br> and MEMORIAL HEALTH UNIVERSITY ) <br> MEDICAL CENTER, INC., ) <br> ) <br> Defendants. ) <br> _____) | Civil Action File No. <br> 4:11-cv-00257-WTM-GRS |

## DEFENDANT AUDITMED, INC. FIRST AMENDED ANSWER

COMES NOW, AuditMed, Inc., Defendant in the above-referenced action (hereinafter "Defendant"), and files its First Amended Answer in response to the Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Plaintiffs' complaint fails to state a claim against this Defendant upon which relief may be granted.

### SECOND DEFENSE

Any act or omission by this Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* was not intentional and was the result of a *bona fide* error notwithstanding the

maintenance of procedures reasonably adapted to avoid any such error. Accordingly, this Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

### THIRD DEFENSE

Plaintiffs have not been damaged; therefore, Plaintiffs may not recover against Defendant.

### FOURTH DEFENSE

Plaintiffs' claims are or may be subject to an arbitration agreement requiring them to submit their claims to mandatory and binding arbitration. If so, this Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

### FIFTH DEFENSE

Plaintiffs failed to send this Defendant a written demand for relief, as required by O.C.G.A. 10-1-399, thirty (30) days before filing suit.

### SIXTH DEFENSE

All, or some, of Plaintiffs claims may be barred by the applicable statute of limitations.

### SEVENTH DEFENSE

Subject to the foregoing defenses and without waiving same, this Defendant responds to the individually numbered paragraphs of Plaintiffs' complaint as follows:

1. Defendant admits that Plaintiffs attempt to assert claims under the FDCPA and the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390, *et seq.* Defendant denies it violated the FDCPA or FBPA.

2. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Plaintiffs' Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Plaintiffs' Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Plaintiffs' Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Plaintiffs' Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Plaintiffs' Complaint to the extent they are directed at this Defendant. Defendant lacks knowledge or information sufficient to form a belief as to all remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Defendant denies it is a debt collector as defined by the FDCPA. Defendant admits it does medical billing for MPPG, Inc., d/b/a Memorial Health University's Physicians.

8. Defendant denies the allegations contained in Paragraph 8 of the Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

9. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Plaintiffs' Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Plaintiffs' Complaint. Defendant mailed Plaintiffs a bill on July 28, 2009 in which it included the outstanding balance owed to MPPG, Inc., d/b/a Memorial Health University's Physicians. This bill was the only communication by Defendant to Plaintiffs.

12. Defendant denies the allegations contained in Paragraph 12 of the Plaintiffs' Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Plaintiffs' Complaint. Defendant admits it mailed Plaintiffs a bill on July 28, 2009 in which it included the outstanding balance owed to MPPG, Inc., d/b/a Memorial

Health University's Physicians.  Defendant admits this bill was the only communication by Defendant to Plaintiffs.

14. Defendant admits it does medical billing for MPPG, Inc., d/b/a Memorial Health University's Physicians.  Defendant admits it mailed Plaintiffs a bill on July 28, 2009 in which it included the outstanding balance owed to MPPG, Inc., d/b/a Memorial Health University's Physicians.  Defendant admits this bill was the only communication by Defendant to Plaintiffs.

15. Defendant admits the account was placed with Collectron, Inc. for collection on July 16, 2010.  Defendant took no further action on this account after July 16, 2010.

16. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Plaintiffs' Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Plaintiffs' Complaint.  The claim is barred by the statute of limitations under the FDCPA.  Defendant admits its only communication with Plaintiffs' occurred on July 28, 2009.

18. Defendant denies the allegations contained in Paragraph 18 of the Plaintiffs' Complaint.  Defendant was never required to verify Plaintiffs' debt.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Plaintiffs' Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Plaintiffs' Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Plaintiffs' Complaint.  Defendant admits it mailed Plaintiffs a bill on July 28, 2009 in which it included the outstanding balance owed to MPPG, Inc., d/b/a Memorial Health University's Physicians.  Defendant admits this bill was the only communication by Defendant to Plaintiffs.

22. Defendant denies the allegations contained in Paragraph 22 of the Plaintiffs' Complaint.  The claim is barred by the statute of limitations under the FDCPA.  Defendant admits its only communication with Plaintiffs' occurred on July 28, 2009.

23. Defendant denies the allegations contained in Paragraph 23 of the Plaintiffs' Complaint. The claim is barred by the statute of limitations under the FDCPA.  Defendant admits it's only communication with Plaintiffs' occurred on July 28, 2009.

24. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

25. Defendant denies the allegations contained in Paragraph 25 of the Plaintiffs' Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Plaintiffs' Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Plaintiffs' Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Plaintiffs' Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Plaintiffs' Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Plaintiffs' Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Plaintiffs' Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Plaintiffs' Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Plaintiffs' Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Plaintiffs' Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Plaintiffs' Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Plaintiffs' Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Plaintiffs' Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Plaintiffs' Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Plaintiffs' Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Plaintiffs' Complaint.

41. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

42. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Plaintiffs' Complaint.

43. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Plaintiffs' Complaint.

44. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph44 of the Plaintiffs' Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Plaintiffs' Complaint.

46. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of the Plaintiffs' Complaint.

47. Defendant admits it sent written correspondence to Plaintiffs in an attempt to bill the account.

48. Defendant denies the allegations contained in Paragraph 48 of the Plaintiffs' Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Plaintiffs' Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Plaintiffs' Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Plaintiffs' Complaint.

52. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

53. Defendant denies the allegations contained in Paragraph 54 of the Plaintiffs' Complaint.  Defendant further denies it ever received a letter from Plaintiffs' pursuant to O.C.G.A. § 10-1-399(b).

54. Defendant denies the allegations contained in Paragraph 54 of the Plaintiffs' Complaint.  Defendant further denies it ever received a letter from Plaintiffs' pursuant to O.C.G.A. § 10-1-399(b).

55. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

Respectfully submitted this 10th day of November, 2011.

/s/ J. Keith Berry, Jr.
J. Keith Berry, Jr.
GA Bar No. 055425

Post Office Box 9004
Savannah, GA 31412
912.233.4918  v
912.232.0409  f
keithberrylaw@gmail.com
*Counsel for Auditmed, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JUSTIN SATURDAY, and ) <br> JULIE SATURDAY, individually and on ) <br> Behalf of others similarly situated, ) <br> ) <br>     Plaintiffs, ) <br> vs. ) <br> ) <br> COLLECTRON, INC., AUDITMED, INC., ) <br> and MEMORIAL HEALTH UNIVERSITY ) <br> MEDICAL CENTER, INC., ) <br> ) <br>     Defendants. ) <br> _____) | Civil Action File No. <br> 4:11-cv-00257-WTM-GRS |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed Defendant AuditMed, Inc.'s First Amended Answer with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Kirby Mason  
KMason@HunterMaclean.com

Sherwin Robin  
sherwin.robin@collectionsga.com

Robert Turner  
bturner@savagelawfirm.net

Respectfully submitted this 10th day of November, 2011.

                                                /s/ J. Keith Berry, Jr.  
                                                J. Keith Berry, Jr.  
                                                GA Bar No. 055425

- 12 -

Post Office Box 9004
Savannah, GA 31412
912.233.4918  v
912.232.0409  f
keithberrylaw@gmail.com
*Counsel for Auditmed, Inc.*