**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| JUSTIN SATURDAY, and ) <br> JULIE SATURDAY, individually and on ) <br> Behalf of others similarly situated, ) <br> ) <br>     Plaintiffs, ) <br> vs. ) <br> ) <br> COLLECTRON, INC., AUDITMED, INC., ) <br> and MEMORIAL HEALTH UNIVERSITY ) <br> MEDICAL CENTER, INC., ) <br> ) <br>     Defendants. ) <br> _____) | Civil Action File No. <br> 4:11-cv-00257-WTM-GRS |

**DEFENDANTS COLLECTRON, INC. AND AUDITMED, INC'S OPPOSITION TO PLAINTIFFS' MOTION TO ADD PARTY DEFENDANT AND AMEND PLAINTIFFS' COMPLAINT**

NOW COMES Defendants Collectron, Inc. and AuditMed, Inc. (collectively the "Defendants" and files this Opposition to Plaintiffs' Motion to Add Party Defendant and Amend Plaintiffs' Complaint. In support, Defendants show as follows:

**ARGUMENT AND CITATION OF AUTHORITY**

**1. Standard for Motion to Amend Complaint**

Fed. R. Civ. P. 15(a)(2) provides a court should give leave when justice so requires; however, this rule does not give the plaintiff an automatic right to amend

- 1 -

the complaint.[1] A court may deny a motion for leave to amend for "'undue delay, bad faith, dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of an allowance of an amendment, and futility of amendment.'"[2]

In *Burger King Corp. v. Weaver,* the 11th Circuit Court of Appeals held "denial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'"[3] In that case, the Court of Appeals affirmed the trial court's denial of motions for leave to amend the Complaint on futility grounds noting the motions did not allege facts supporting its claim; therefore the claim was insufficient as a matter of law.[4]

Plaintiffs' Amended Complaint fails to provide sufficient factual allegations to survive the pleading standards articulated in *Bell Atl. Cor. v. Twombly,* 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal,* 556 U.S. __, 129 S. Ct. 1937 (2009). Therefore, Plaintiffs' attempt to amend its original Complaint is futile and its motion should be denied.

---

[1] *Faser v. Sears, Roebuck & Co,* 674 F. 2d 856, 859-860 (11th Cir. 1982).
[2] *Laurie v. Ala. Court of Crim. Appeals,* 256 F. 3d 1266, 1274 (11th Cir. 2001)(citing, *Foman v. Davis,*371 U.S. 178, 182 (1962)).
[3] *Burger King Corp. v. Weaver,* 169 F. 3d 1310, 1320 (11th Cir. 1999)(quoting, *Halliburton & Assoc., Inc. v. Henderson Few & Co.* 774 F.2d 441, 444 (11th Cir. 1985)).
[4] *Id.* at 1319-1320.

A. **<u>Plaintiffs' Amended Fair Business Practices Act Claims Fail To Provide Factual Allegations Sufficient To Satisfy The Pleading Standards of *Iqbal* And *Twombly*.</u>**

Plaintiffs conceded they have not properly alleged their claims under the Fair Business Practices Act ("FBPA"). They now attempt to cure the deficiency by advising the Court they have sought leave to amend their Complaint. Plaintiffs' proposed Amended Complaint remains defective. Plaintiffs claim to have cured their deficient the Complaint by alleging they sent a "demand(s) for relief, reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered."[5] However, this is the type of formulaic recitation which fails to satisfy the pleading standard articulated in *Twombly*[6] (see also, *Iqbal,* 129 S. Ct. at 1949 "Threadbare recitals of the element of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiffs attempt to cure their deficiency by quoting the FBPA almost verbatim. Plaintiffs' allegations are nothing more than legal conclusions couched as factual allegations, which are not entitled to a presumption of truth.[7] Plaintiffs either sent a 10-1-399 letter, or they didn't. To survive this motion, they must allege they did. Instead of asserting they sent a 10-1-399 letter, they quote the statute. This is not adequate under *Twombly*.

---

[5] Doc. 33-1, ¶ 19.
[6] *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007).
[7] *Hernandez Auto Painting and Body Works, Inc. v. State Farm Mutual Automobile Insurance Company,* 2009 U.S. Dist. LEXIS 83669, * 10-11 (see, *Ashcroft v. Iqbal,* 556 U.S. __, 129 S. Ct. 1937, 1949-50 (2009).

Plaintiffs' own initial disclosures belie the allegations contained in their proposed Amended Complaint. Plaintiffs' Fed. R. Civ. P 26(a)(1) Initial Disclosures fail to identify any written correspondence sent to AuditMed, Inc. whatsoever, and further fails to identify which letter, if any, is to be considered the letter sent to Collectron, Inc. which satisfies their obligations to provide disclosures under O.C.G.A. § 10-1-399. Plaintiffs' own disclosures defeat their arguments on why the Complaint should be amended – they never sent a 10-1-399 letter and they have "word smith'ed " the Amended Complaint so they can say with a straight face that they alleged it (albeit reciting the statute). The Amended Complaint is not brought in good faith. Plaintiffs' Amended Complaint lacks any factual allegations which relate to Plaintiffs' FBPA claim. It does not comply with the pleading standard articulated in the *Twombly* and *Iqbal*. Plaintiff's request to file an Amended Complaint should be denied.

### B. <u>Plaintiffs' Amended Failure To Validate A Debt Claim Is Still Deficient Because They Fail To Allege The Request Was In Writing.</u>

Plaintiffs' amended claims under 1692g are insufficient and Plaintiffs' motion should be denied. In order to obligate a debt collector to provide verification of a debt under 1692g, the Plaintiff must allege they disputed the debt *in writing* and they disputed it *within the 30 day period* described in that section of the statute. Although Plaintiffs allege collection behavior continued after they allegedly requested validation, Plaintiffs fail to allege this request was done in *writing*,

- 4 -

which triggers a debt collector's duty to provide validation. Without such allegation, Plaintiffs have failed to allege a cause of action; therefore, this claim is subject to dismissal and Plaintiffs' motion should be denied.

### C. **Plaintiffs' Amended 15 U.S.C. § 1692e(11) Claims Assert No Additional Facts About These Claims.**

Plaintiffs attempt to cure their deficient 15 U.S.C. § 1692e(11) claim by merely citing 15. U.S.C. § 1692e(11).[8] This is the type of formulaic recitation which fails to satisfy the pleading standard articulated in *Twombly*[9] (see also, *Iqbal,* 129 S. Ct. at 1949 "Threadbare recitals of the element of a cause of action, supported by mere conclusory statements, do not suffice."). Nowhere in Plaintiffs' Amended Complaint do they provide any factual allegations as to when any of these alleged communications occurred. Due to Plaintiffs lack of any factual allegations relating to this claim, the Amended Complaint fails to survive the pleading standards of *Iqbal* and *Twombly* and is subject to dismissal, therefore, Plaintiffs' motion should be denied.

### D. **Plaintiffs' Fails to Allege Any Additional Facts Regarding Its Alleged Request For Defendants To Cease Communication and Fails To Allege Such Request Was Sent In Writing**

Plaintiffs' Amended Complaint fails to provide any additional factual allegations relating to an alleged violation of 15 U.S.C. § 1692c(c); therefore, this

---

[8] Doc. 33-1, ¶ 22.
[9] *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007).

claim is subject to dismissal and Plaintiffs' motion should be dismissed. In Plaintiffs' Response to Defendants Motion for Judgment on the Pleadings, they argue their Amended Complaint sufficiently alleges a claim for contacting Plaintiffs after asking Defendants to cease communication:

> Plaintiffs contend that they served Defendants with more than one request to verify the subject debt and that after serving one or more requests, Defendants continued to exhibit collection behavior and have timely moved to amend their Complaint to allege these facts.[10]

This argument clearly has nothing to do with a request to cease communication. In the Amended Complaint, Plaintiffs allege "Defendants failed to cease communicating directly with the Plaintiffs upon request in violation of the statute."[11] This is the *exact* allegation in Plaintiffs' original Complaint.[12] Plaintiffs fail to allege collection behavior continued after Plaintiffs sent their cease and desist request. Furthermore, Plaintiffs fail to allege the cease communication request was sent in writing, as the statute requires. Based on Plaintiffs' failure to properly allege a claim for 15 U.S.C. § 1692c(c), their claim is subject to dismissal and Plaintiffs' motion should be denied.

### E. **Plaintiffs' Amended 15 U.S.C. § 1692f(5) Claim Fails To Provide Factual Allegations Sufficient To Satisfy The Pleading Standards of *Iqbal* And *Twombly*.**

---

[10] Doc. 32, pg. 6.
[11] Doc 33-1, ¶ 23.
[12] See, Complaint, ¶ 20.

Plaintiffs attempt to allege a claim for 15 U.S.C. § 1692f(5) which provides: "Causing charges to be made to any person for communications by concealment of the true purpose of the communication.  Such charges include, but are not limited to, collect telephone calls and telegram fees." Plaintiffs' Amended Complaint alleges Defendants contact Plaintiffs "via cellular telephone causing a financial charge to Plaintiffs" and the "financial charge was incurred to [sic] order conceal the purpose of the communication in accordance with 15 U.S.C. § 1692f(5)."[13] Plaintiffs have failed to provide any *factual* allegations, such as what kind of financial charge they incurred.  Plaintiffs' allegations are the precise type of formulaic recitation of the statue forbidden by the Supreme Court in *Twombly*[14] (see also, *Iqbal,* 129 S. Ct. at 1949 "Threadbare recitals of the element of a cause of action, supported by mere conclusory statements, do not suffice.") Plaintiffs' allegations are nothing more than legal conclusions couched as factual allegations, which are not entitled to a presumption of truth.[15]  Plaintiffs' Amended Complaint fails to provide factual allegations and does not state a claim based on the *Iqbal* and *Twombly* pleading standards; therefore, Plaintiffs' Amended Complaint is futile and their motion should be denied.

---

[13] Doc. 33-1, ¶ 24-25.
[14] 127 S.Ct. 1955, 1964 (2007)
[15] *Hernandez Auto Painting and Body Works, Inc. v. State Farm Mutual Automobile Insurance Company,* 2009 U.S. Dist. LEXIS 83669, * 10-11 (see, *Ashcroft v. Iqbal,* 556 U.S. __, 129 S. Ct. 1937, 1949-50 (2009).

F.  **<u>Plaintiffs Amended Telephone Consumer Protection Act Claim Is A Mere Recitation Of The Statute Without Any Factual Allegation Or Basis For the Claim</u>**

Plaintiffs' original Complaint alleged defendants violated the Telephone Consumer Protection Act ("TCPA") and the FDCPA by placing calls to a cell phone.[16]  To cure these deficient allegations, Plaintiff now alleges, without any apparent basis, defendants use an automatic dialing system or an artificial or prerecorded voice.[17]  Plaintiffs have failed to provide any *factual* allegations which form the basis of this conclusion, but instead simply recite the statute.  Plaintiffs have further failed to allege a time frame for when these alleged calls would have occurred to determine if they occurred within the applicable statute of limitations.  They do not allege the calls were made without prior express permission.  Defendants are not aware of any case law which states telephone calls to a cell phone is a per se violation of the Fair Debt Collection Practices Act.[18]  Plaintiffs' allegations are again the precise type of formulaic recitation of the statute prohibited by *Twombly*[19] (see also, *Iqbal,* 129 S. Ct. at 1949 "Threadbare recitals of the element of a cause of action, supported by mere conclusory statements, do not suffice.") Plaintiffs' allegations are nothing more than legal conclusions

---

[16] Complaint, ¶ 21 and 51
[17] Doc 33-1, ¶56.
[18] It should be noted, in Plaintiffs' feeble attempt to properly allege a cause of action, Plaintiffs failed to finish its sentence and merely states calls were made in violation of "The Fair Debt" without any punctuation.  [Doc. 33-1, ¶ 56]
[19] 127 S.Ct. 1955, 1964 (2007)

couched as factual allegations, which are not entitled to a presumption of truth.[20]
Plaintiffs' Amended Complaint fails to provide factual allegations and does not state a claim based on the *Iqbal* and *Twombly* pleading standards; therefore, Plaintiffs' Amended Complaint is futile and their motion should be denied.

### G. Plaintiffs' Amended 15 U.S.C. § 1692e Allegations Are Barred By The Statute Of Limitations And Are A Mere Recitation Of The TCPA Without Any Factual Allegation Or Basis For the Claim

Plaintiffs claim to have stated a basis for their 1692e claim in their Motion to Amend; however, the Complaint and Amended Complaint remained unchanged.[21] In both the Complaint and Amended Complaint, Plaintiffs state they will provide specificity "set out hereafter."[22] The allegations "set out hereafter" are: 1) "Defendants failed to provide proper notice to Plaintiffs on the debt owed and failed to provide notice within a reasonable amount of time";[23] 2) "Defendants provided Plaintiffs notice of delinquency via cellular telephone in violation of the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act";[24] and 3) "Upon information and belief, Defendants use an automatic telephone dialing system or an artificial or prerecorded voice to notify Plaintiffs notice of

---

[20] *Hernandez Auto Painting and Body Works, Inc. v. State Farm Mutual Automobile Insurance Company,* 2009 U.S. Dist. LEXIS 83669, * 10-11 (see, *Ashcroft v. Iqbal,* 556 U.S. __, 129 S. Ct. 1937, 1949-50 (2009).
[21] See, Complaint, ¶ 48 and Doc. 33-1, ¶ 52
[22] Complaint, ¶ 48 and Doc. 33-1, ¶ 52
[23] Doc. 33-1, ¶54.
[24] Doc. 33-1, ¶55.

delinquency in violation of the Telephone Consumer Protection Act and the Fair Debt."[25]  In regards to Plaintiffs' notice claim, Defendants have already articulated Plaintiffs' claims are barred by the statute of limitations because the statute runs on the date of the alleged violation, not the date the violation is discovered.[26]  Defendants already articulated above that Plaintiffs' alleged TCPA amended claims are futile.  As Plaintiffs have done throughout their Complaint and Amended Complaint, they simply provide a recitation of the statute and couch legal conclusions as factual allegations, which fail to satisfy the current pleading standard.  Therefore, Plaintiffs' Amended Complaint is futile and their claims are still subject to dismissal.  Plaintiffs' motion should be denied.

## CONCLUSION

Plaintiffs have attempted to amend their complaint in response to Defendants motion for judgment on the pleadings.  Their Amended Complaint lacks factual allegations supporting their allegations and merely provides recitation of elements and statutory language.  Plaintiffs' Amended Complaint is insufficient as a matter of law, therefore the Amended Complaint is futile and Plaintiffs' motion should be denied.

Respectfully submitted this 23rd day of January, 2012.

**BEDARD LAW GROUP, P.C.**

---

[25] Doc. 33-1, ¶56.
[26] Doc. 41, pg. 2.

/s/ John H. Bedard, Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473
Jonathan K. Aust
Georgia Bar No. 448584

Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd
Suite D
Duluth, Georgia 30097
Phone:  (678) 253-1871, ext. 244
Facsimile: (678) 253-1873
jbedard@bedardlawgroup.com
jaust@bedardlawgroup.com
*Counsel for Collectron, Inc. and AudmitMed*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| JUSTIN SATURDAY, and )<br>JULIE SATURDAY, individually and on )<br>Behalf of others similarly situated, )<br>                                                  )<br>    Plaintiffs,                        )<br>vs.                                                      )<br>                                                  )<br>COLLECTRON, INC., AUDITMED, INC., )<br>and MEMORIAL HEALTH UNIVERSITY )<br>MEDICAL CENTER, INC., )<br>                                                  )<br>    Defendants.            )<br>_____) | Civil Action File No.<br>4:11-cv-00257-WTM-GRS |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date I electronically filed Defendant Collectron, Inc.'s and AuditMed, Inc.'s Opposition to Plaintiffs' Motion to Add Party Defendant and Amend Plaintiffs' Complaint with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Kirby Mason  
KMason@HunterMaclean.com

Sherwin Robin  
sherwin.robin@collectionsga.com

Robert Turner  
bturner@savagelawfirm.net

Ashleigh Ruth Madison  
amadison@savagelawfirm.net

J. Keith Berry, Jr.  
keithberrylaw@gmail.com

      Respectfully submitted this 23rd day of January 2012.

                                                               **BEDARD LAW GROUP, P.C.**


- 13 -

                                        <u>/s/ John H. Bedard, Jr.</u>
                                        John H. Bedard, Jr.
                                        Georgia Bar No. 043473
                                        Jonathan K. Aust
                                        Georgia Bar No. 448584