# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JUSTIN SATURDAY and JULIE SATURDAY, individually and on behalf of others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. CV411-257 |
| COLLECTRON, INC., AUDITMED, INC., and MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# ORDER

Debt Collectors Gone Wild. That's what Justin and Julie Saturday claim happened in this, a proposed class action case based on, *inter alia*, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*.[1]

Doc. 1-2 at 5. Previously, the Court denied defendant Memorial Health

---

[1] "The FDCPA was enacted as a broad remedial statute designed to "eliminate abusive debt collection practices by debt collectors. . . ." 15 U.S.C. § 1692e. The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices. *See, e.g.*, 15 U.S.C. §§ 1692b (governing the acquisition of location information), 1692e (prohibiting misleading or deceptive practices)." *Pitner v. Northland Group, Inc.*, 2012 WL 254035 at *1 (W.D.Wash. Jan. 26, 2012).

University Medical Center, Inc.'s (Memorial's) Fed. R. Civ. P. 12(e) motion to compel plaintiffs to make a more definite statement of their claim. Doc. 22, *reported at* 2011 WL 7094539. But it also directed plaintiffs to plead more facts anyway because class actions require that. 2011 WL 7094539 at * 2.

Subsequently, defendants Collectron, Inc., and AuditMed, Inc., moved for a judgment on the pleadings (JOP) under Fed. R. Civ. P. 12(c). Doc. 24. So did Memorial. Doc. 25. They say plaintiffs' claims are time-barred, factually unsupported, or otherwise defective. Doc. 24-1; doc. 26. Plaintiffs disagree. Docs. 31 & 32. The district judge must rule on those matters.

The undersigned, in contrast, must rule on plaintiffs' motion to amend their complaint and add MPPG, Inc., as a party defendant. Doc. 33. They want "to more specifically outline the factual allegations and claims against the existing and proposed defendants." *Id.* at 2. They also say that MMPG is a physicians' group which operates within Memorial, and it directly or indirectly bills and collects from the plaintiff class. *Id.* Hence, they want to cure any deficiencies and beef up their case. (The Court has stayed discovery in the meantime, doc. 40.)

> Collectron and AuditMed oppose:
>
>> Immediately moving this Court for leave to amend their Complaint, Plaintiffs have virtually conceded that their original Complaint is fatally deficient. The proposed Amended Complaint is equally deficient and fails to properly plead the Plaintiffs' claims. Counsel for Plaintiffs is known to this Court for filing defective pleadings and attempting to impose onerous discovery costs on their adversary only to seek leave to file further defective pleadings when their victim-defendants immediately move to dismiss their clients' claims. Plaintiffs wrongly ignore 11th Circuit authority governing the commencement of the statute of limitations on their claims. Plaintiff's Complaint should be dismissed.

Doc. 41 at 1-2 (footnote omitted); *see also* doc. 44 (additional opposition brief). Memorial also opposes. Doc. 43; *see also* doc. 42 (additional JOP brief).

This Court is guided by Fed. R. Civ. P. 15(a)'s instruction that leave to amend is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave is not automatically granted, however. Judges must "consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, the prejudice which would result to the non-movant, and the *futility* of the amendment." *Bennett v. McGriff Transp., Inc.*, ___ F. Supp. 2d ___, 2012 WL 220251 at * 1 (N.D. Ga. Jan. 12, 2012) (quotes and cite omitted; emphasis added).

A proposed amendment can be futile if, for example, it would be

time-barred, or it is reasonably clear that there will be no evidence to support a claim's essential element. *Id.* (citing *CSX Transp., Inc. v. United Transp. Union*, 236 F. App'x. 562, 563 (11th Cir. 2007)). And "[i]f [a p]laintiff cannot state a claim under the more-detailed Amended Complaint, his claims under the original Complaint will also warrant dismissal." *Lipscomb v. Cronic*, 2011 WL 6755198 at * 5 (N.D. Ga. Dec. 22, 2011).

A brief peek at the JOP motions, when read with the amendment-opposition briefs, reveals that the JOP motions have some heft to them.[2]

---

[2] For example, plaintiffs must plead and ultimately prove that Memorial is a "debt collector" as defined by the FDCPA. *See, e.g., Boosahda v. Providence Dane LLC*, 2012 WL 268345 at * 1 n. 3 (4th Cir. Jan. 31, 2012) ("To establish a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.") (quotes and cite omitted). Through plaintiffs' own discovery responses, Memorial has shown that it is not. Doc. 43-1 at 3. So, Memorial seeks judgment dismissing plaintiffs' FCDPA claim against it. Doc. 43 at 2; *see also* doc. 26 at 3-5. Plaintiffs respond with a proposed amendment, but in it they simply re-allege, conclusorily, that Memorial is a "debt collector." Doc. 33-1 ¶¶ 7, 8, 50.

Hence, they plead nothing new (i.e., new facts *showing* that Memorial fits the FDCPA's definition). Worse, they plead that in *direct contradiction* to what they earlier admitted (that Memorial is not a debt collector), which is binding until properly withdrawn. *See, e.g., Bell v. Vill. of Streamwood*, 2011 WL 4435664 at * 2 (N.D. Ill. Sep. 6, 2011). It has not been withdrawn. This beckons Fed. R. Civ. P. 11 treatment. *See, e.g., Orion Technology, Inc. v. United States,* 2011 WL 6370029 at *15 n. 7 (Fed. Cl. Dec. 1, 2011) ("By rearguing an issue during oral argument that he had already conceded and then renewing the identical baseless arguments in his supplemental brief, plaintiff's counsel teeters on the edge of a Rule 11 violation."); *Stanard v. Nygren*, 658 F.3d 792, 800 (7th Cir. 2011). It also shows that to resolve

The record as developed thus far shows that the motion to amend is inextricably intertwined with the JOP motions. Accordingly, the Court **DEFERS** that motion (doc. 33) to the district judge. The previously imposed discovery stay continues pending disposition of the JOP and amend motions.

    **So ORDERED** this  6th  day of February, 2012.

                                                   UNITED STATES MAGISTRATE JUDGE
                                                   SOUTHERN DISTRICT OF GEORGIA

---

that issue here is to resolve it in the underlying JOP motion. Other JOP issues (e.g., statute of limitations) also appear to be intertwined. Hence, the amend motion must be deferred to the district judge.